UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW LOPEZ, )<br>)<br>Defendant. )<br>)<br>) | Criminal Action No. 3:22-CR-139-CHB<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on its own motion. On November 2, 2022, Defendant Andrew Lopez was charged by way of indictment with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). *See* [R. 1]. In considering Lopez's Motion to Dismiss that charge based on the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), the Court observed that the penalties listed in the original indictment were incorrectly stated. *See* [R. 50, p. 2 n.1]. The Court therefore referred this matter to United States Magistrate Judge Regina S. Edwards for an in-court status conference regarding the correct penalties for Lopez's charge. *See id.*

Magistrate Judge Edwards held the in-court hearing on November 15, 2023, at which time "[t]he United States indicated it would file a motion to amend the Indictment under Federal Rule of Criminal Procedure 7(c)(2) but also indicated that if the case isn't resolved, it will be filing a superseding indictment before trial." *See* [R. 54]. Shortly after the hearing, the United States filed a Motion to Correct Penalty Citation Error, in which it asks the Court to permit amendment without requiring resubmission to the grand jury. *See* [R. 53, pp. 1–2] ("Although changes to an Indictment

are usually accomplished through resubmission to the Grand Jury, non-substantive typographical amendments to an Indictment may be accomplished by motion to the Court."). Defense counsel did not respond to the motion (despite requesting an opportunity to do so in writing, *see* [R. 54]), and Magistrate Judge Edwards issued a Report and Recommendation recommending that the motion to correct be granted. *See* [R. 56]. The time for filing objections to the Report and Recommendation has passed, and no objections have been filed.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Because Lopez did not file any objections to the Recommendation, he has forfeited any argument regarding the conclusions therein.

Even so, the United States has obtained a Superseding Indictment in this matter, which corrects the penalties on Count 1, lists additional felonies that Lopez has been convicted of relevant to Count 1, and adds a new charge of receipt and possession of an unregistered firearm. *See* [R. 57]. In such a posture, the government's Motion to Correct Penalty Citation Error [R. 53] is moot because it addressed the original indictment, and the Superseding Indictment is now the operative one in this matter. *See generally United States v. Lockhart*, No. CRIM. 7:12-08-ART, 2012 WL 5867065, at *1 n.1 (E.D. Ky. Oct. 29, 2012), *report and recommendation adopted,* No. CRIM. 12-08-ART-HAI, 2012 WL 5866672 (E.D. Ky. Nov. 19, 2012) ("Throughout his Motion, Manning

simply refers to 'the Indictment.' The Court assumes he means the Superseding Indictment, as this is the operative charging document in this matter[.]") (record citations omitted). And because the Report and Recommendation [R. 56] addressed the government's now-moot motion, the Court will reject it without comment.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The United States' Motion to Correct Penalty Citation Error **[R. 53]** is **DENIED** as moot.

2. Because the Report and Recommendation **[R. 56]** addresses the United States' (now-moot) motion, it will be **REJECTED** without comment on the merits of the Recommendation.

This the 28th day of December, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY